IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIE D. GRIER,** ) | CASE NO. 1:11CV0427 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A GAUGHAN |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **RUSSELL B. WISEMAN,** *et al.,* ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

**Introduction**

This matter is before the Court upon plaintiff's *pro se* Complaint (Doc. 1). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

**Facts**

Plaintiff *pro se* Willie D. Grier filed this action against Crawford County, Ohio Common Pleas Court Judge Russell B. Wiseman, Crawford County Assistant Prosecutor Clifford J. Murphy, and Court Reporter Jamie L Pellegrino.

The Complaint alleges that on June 17, 2009, Judge Wiseman accepted plaintiff's plea agreement. A transcript of the change of plea hearing submitted by plaintiff shows that in exchange for his plea, plaintiff would be sentenced to one year in prison in connection with drug charges. Judge Wiseman advised plaintiff that he would be sentenced upon completion of a presentence investigation. Plaintiff alleges that notice of the sentencing date was issued to the attorneys on July 29, 2009, but that he never received notice because he was "at odds" with his attorney. Plaintiff was sentenced on March 1, 2010. Plaintiff alleges that his plea agreement was "vacated ... to fulfill

a contraual [sic] term of an inconsequential pre-sentence investigation," and that Judge Wiseman sentenced him for failure to appear, without an indictment, based on the prosecutor's statement. The sentencing transcript, submitted by plaintiff, shows that the prosecutor withdrew the plea agreement based on plaintiff's leaving the area for more than six months. Judge Wiseman found that the State was not bound to the plea agreement due to plaintiff's failure to appear for his original sentencing. After plaintiff agreed to go forward with the sentencing, Judge Wiseman sentenced him to two years imprisonment on the drug charges, taking into consideration plaintiff's criminal history. Plaintiff further alleges that defendant Pellegrino failed to produce a complete transcript of the change of plea hearing.

### Discussion

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich. 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)).

There are no facts alleged reasonably suggesting Judge Wiseman acted outside the scope of his official duties in presiding over plaintiff's change of plea or sentencing. Therefore, he is immune from liability.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Assistant Prosecutor Murphy acted outside of the scope of his responsibilities in prosecuting plaintiff's case. Therefore, he is likewise immune from suit.

In *Antoine v. Byers & Anderson,* 508 U.S. 429 (1993), the Supreme Court held that court reporters are not entitled to absolute, quasi-judicial immunity, based on the fact that their duties are ministerial, not discretionary in nature. *Id.,* 508 U.S. at 436-437. An exception occurs when a court reporter acts at the direction of a judge at which time qualified immunity applies. *White v. Saginaw County*, 2008 WL 5273594, 4 (E.D.Mich. Dec. 17, 2008) (citing *Green v. Maraio,* 722 F.2d 1013, 1018 (2nd Cir.1983) ). *See Ralph v. Mackowiak*, 2010 WL 4977042, 3 (W.D.Mich. Dec. 2, 2010) (court reporter is entitled to quasi-judicial immunity when acting within the scope of his or her official duties). Plaintiff states in his Complaint that the court reporter did not transcribe a complete version of his change of plea hearing because she allowed Judge Wiseman to confiscate the video disc and manipulate the proceedings. On this basis, the court reporter's alleged conduct was controlled by the judge and quasi-judicial immunity applies.

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be

granted.

**Conclusion**

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: 4/11/11 /s/ Patricia A. Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE